# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLUE WILKINS, | : | CIVIL ACTION NO. 1:18-CV-727 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| FRANCIS T. CHARDO, III, | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Glue Wilkins ("Wilkins"),[1] an inmate at the Fayette State Correctional Institution, filed a civil action in state court against Dauphin County District Attorney Francis T. Chardo, III ("DA Chardo"). In his lawsuit, Wilkins primarily alleges prosecutorial misconduct and ethics violations. DA Chardo removed the case to this court and subsequently moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 3). Wilkins moved to remand. (Doc. 4). We will deny Wilkins' motion to remand and grant DA Chardo's motion to dismiss.

## I.  Factual Background & Procedural History

This lawsuit is yet another tributary of the seemingly endless river of civil litigation Wilkins has filed concerning his 2003 state court convictions for, *inter alia*, attempted murder, aggravated assault, and robbery. See Wilkins v. Chardo, No. 99 MDA 2015, 2015 WL 6161062, at *1 (Pa. Super. Ct. Oct. 19, 2015) (nonprecedential);

---

[1] Wilkins is also known as Allen L. Wilkins, Sr. Wilkins v. Chardo, No. 99 MDA 2015, 2015 WL 6161062, at *1 n.1 (Pa. Super. Ct. Oct. 19, 2015) (nonprecedential).

see also Wilkins v. Chardo, No. 1:15-CV-2239, Doc. 7 at 1-2 (M.D. Pa. Jan. 12, 2016) (collecting cases). Wilkins filed the original complaint in this case in the Court of Common Pleas of Dauphin County, Pennsylvania in January 2018, and then amended his complaint two months later. Interpreting the amended complaint to contain federal constitutional claims, DA Chardo removed the case to this court. Wilkins filed a motion to deny DA Chardo's notice of removal, which the court construed as a motion to remand under 28 U.S.C. § 1447(c).

Shortly after removing the case, DA Chardo moved to dismiss all of Wilkins' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In his motion, DA Chardo also seeks sanctions to stem Wilkins' tide of frivolous civil actions against DA Chardo. Wilkins filed a brief in opposition to the motion to dismiss before DA Chardo filed his supporting brief. Wilkins also filed a litany of other miscellaneous motions before the court had addressed either the motion to remand or the motion to dismiss. On June 15, 2018, the court issued an order staying DA Chardo's response deadlines to the miscellaneous motions, establishing a schedule for the parties to fully brief the two operative motions, and cautioning Wilkins that any further filings not expressly authorized therein would be stricken. Wilkins promptly disregarded the court's directives and Local Rule of Court 7.5 by filing three additional motions without supporting briefs. Wilkins also timely filed a brief in opposition to DA Chardo's motion to dismiss, but failed to file a brief in support of his own motion to remand. All briefing deadlines set forth in this court's June 15, 2018 order have passed, and the motion to remand and motion to dismiss are ripe for disposition.

## II. Legal Standards

### A. Removal and Remand

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction. See 28 U.S.C. § 1441(a). A plaintiff may challenge removal for lack of jurisdiction by moving to remand the matter to state court. See id. § 1447(c). Such motions may be filed at any time before final judgment is entered. Id. If the district court indeed lacks subject matter jurisdiction, it must remand to the state court from which the action was removed. Id. Statutes permitting removal "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir. 2014) (quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)).

### B. Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents"

attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**III. Discussion**

The only two motions we are considering at this time are Wilkins' motion to remand and DA Chardo's motion to dismiss. We will address these motions *seriatim*, noting that their resolution moots Wilkins' numerous other filings.

**A. Motion to Remand**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the appropriate federal district court. 28 U.S.C. § 1441(a). A party may challenge removal as inappropriate by filing a motion to remand pursuant to 28 U.S.C. § 1447(c). See id. § 1447(c). Because the removing party bears the burden of demonstrating federal jurisdiction, upon a motion to remand that same party must demonstrate why removal is proper. Hayes v. Reliance Standard Life Ins. Co., 92 F. Supp. 3d 276, 280 (M.D. Pa. 2015) (citing Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006)).

Wilkins opposed removal of this case by filing a "motion to deny" DA Chardo's notice of removal, which we construed as a motion to remand. See *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 247 n.9 (3d Cir. 2007). In that difficult-to-decipher motion, Wilkins appears to argue that federal subject matter jurisdiction is lacking. Upon review of Wilkins' amended complaint, we disagree. Many of Wilkins' claims against DA Chardo sound in prosecutorial misconduct, therefore alleging violations of the Fifth and Fourteenth Amendments to the United States Constitution. (See Doc. 1-42 ¶¶ 1-19). Accordingly, at least some of Wilkins' allegations can be construed as claims brought pursuant to 42 U.S.C. § 1983, which

5

provides a civil cause of action for the deprivation of constitutional rights by state actors. See 42 U.S.C. § 1983. Section 1983 claims may be raised in state court, but because the federal court has subject matter jurisdiction over such claims, see 28 U.S.C. §§ 1331, 1343(a)(3), removal of Wilkins' amended complaint is proper, see id. § 1441(a). We will therefore deny Wilkins' motion to remand.

### B. Motion to Dismiss

In addressing the Rule 12(b)(6) motion, our first task is to interpret Wilkins' amended complaint and determine what causes of action he is asserting. As noted above, the primary claims appear to be assertions of prosecutorial misconduct that "corrupted" his trial in violation of his due process rights under the Fifth and Fourteenth Amendments. (Doc. 1-42 ¶¶ 1-19). Wilkins avers that DA Chardo relied on fabricated evidence for the criminal complaint and probable cause affidavit, ignored and failed to produce exculpatory medical records, knowingly permitted and suborned perjured testimony, and violated the terms of a 2009 plea agreement. (Id.) Because this is a civil lawsuit and not a petition for a writ of habeas corpus, we interpret these prosecutorial misconduct allegations as Section 1983 claims.[2] Wilkins also appears to allege that his sentence was illegal. (Id. ¶ 24). Finally, Wilkins avers that DA Chardo's conduct violated Pennsylvania's Rules of Professional Conduct and Code of Civility, codified at 204 PA. CODE §§ 81.1-81.4 and 204 PA. CODE §§ 99.1-99.3, respectively. (Doc. 1-42 ¶¶ 7, 24-25).

---

[2] It is conceivable, however, that the misconduct allegations concerning the criminal complaint and affidavit of probable cause could reflect a claim for state law malicious prosecution.

6

DA Chardo provides a bevy of reasons why Wilkins' claims must be dismissed, including *res judicata*; absolute and qualified immunity; failure to state a claim upon which relief can be granted; failure to meet the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994); and the statute of limitations. Because the majority of Wilkins' allegations fail to state a claim for relief and the remaining potentially cognizable claims are barred by Heck v. Humphrey, we will not address DA Chardo's *res judicata*, immunity, and statute of limitations arguments.

   1.   *Failure to State a Claim*

Most of Wilkins' allegations fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). There is no private cause of action for violations of the Pennsylvania Rules of Professional Conduct. Maritrans GP Inc. v. Pepper, Hamilton & Scheetz, 602 A.2d 1277, 1284 (Pa. 1992); PA. RULES OF PROF'L CONDUCT preamble ¶ 19. Nor is there is a private cause of action for violations of Pennsylvania's Code of Civility. See 204 PA. CODE § 99.1. Finally, Wilkins' collateral attack on the legality of his state sentence must be brought in a petition pursuant to 28 U.S.C. § 2254. The problem for Wilkins is that he has already filed at least one such a petition. See Wilkins v. Cameron, No. 3:08-CV-185, Doc. 1 (W.D. Pa. July 23, 2008). We have no jurisdiction to entertain the instant collateral attack because Wilkins has not obtained the requisite authorization from the Third Circuit to file a second or successive Section 2254 petition. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53 (2007). None of these claims survives Rule 12(b)(6) scrutiny.

7

## 2. *Heck v. Humphrey*

The only colorable claims that Wilkins pleads are Section 1983 claims for alleged violations of his Fifth and Fourteenth Amendment due process rights. Section 1983 of Title 42 of the United States Code creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a Section 1983 claim, plaintiffs must prove a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The Supreme Court, however, has limited the ability of a criminal defendant to pursue a Section 1983 claim if success thereon would impugn the validity of an underlying conviction. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Unless the Section 1983 plaintiff can prove that the underlying criminal conviction has been subsequently invalidated, any Section 1983 claim that—if successful—would render the conviction invalid must be dismissed. Id. at 487. This "favorable termination" requirement avoids the creation of two conflicting resolutions stemming from the same transaction. Bronowicz v. Allegheny County, 804 F.3d 338, 345 (3d Cir. 2015). Wilkins' claims of prosecutorial misconduct necessarily impugn the validity of his conviction because they collaterally attack the constitutionality of his prosecution

8

and trial. Because Wilkins has not alleged that his conviction has been invalidated, his Section 1983 claims must be dismissed.[3]

### C. Leave to Amend

Wilkins does not seek leave to amend, but because this is a civil rights case we must consider whether to grant leave *sua sponte*. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Under Federal Rule of Civil Procedure 15, leave to amend should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). In the seminal case of Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court of the United States provided guidance for when leave to amend may be denied. Circumstances that weigh against granting leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Foman, 371 U.S. at 182. Futility precludes leave

---

[3] Dismissal is without prejudice. If Wilkins were to successfully invalidate his underlying conviction, the statute of limitations on any prosecutorial misconduct or malicious prosecution claims would likely begin to run when the termination of his criminal proceedings becomes "favorable." See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

9

to amend in this case. No conceivable alteration can salvage Wilkins' claims, and thus we will deny leave to amend.[4]

## IV. Conclusion

We will deny Wilkins' motion to remand (Doc. 4) and grant DA Chardo's motion to dismiss (Doc. 3). Wilkins' claims will be dismissed and leave to amend denied. Moreover, our disposition of the motion to dismiss renders moot Wilkins' remaining miscellaneous motions (Docs. 12-17, 22-23, 26-27, 32-34). An appropriate order shall issue.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      November 2, 2018

---

[4] We also decline DA Chardo's request for sanctions. The primary sanction he seeks—dismissal of the lawsuit—has already been effected through Rule 12(b)(6). As to his request to enjoin similar filings by Wilkins or to require that Wilkins show cause for claims he seeks to bring in the Middle District, we note that Wilkins filed this action in state court and DA Chardo removed it to this court. We generally cannot enjoin state court proceedings, see In re Davis, 691 F.2d 176, 177 (3d Cir. 1982) (citing 28 U.S.C. § 2283), and a sanction regarding federal court filing would have limited impact. We further note that any civil case Wilkins files in federal court in which he seeks to proceed in forma pauperis would likely be subject to the "three strikes" rule, see 28 U.S.C. § 1915(g), as he has had at least four cases dismissed as frivolous. See Wilkins v. Klein, No. 4:04-CV-2380, Doc. 6 (M.D. Pa. Nov. 8, 2004); Wilkins v. Dauphin County, No. 4:05-CV-901, 2005 WL 1154996, at *1 (M.D. Pa. May 9, 2005); Wilkins v. Kleinfelter, No. 4:06-CV-14, 2006 WL 208806, at *1 (M.D. Pa. Jan. 26, 2006); Wilkins v. Corbett, No. 4:06-CV-171, 2006 WL 229128, at *1 (M.D. Pa. Jan. 31, 2006).